Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELVENE LYNN KENNEDY,<br><br>Appellant,<br><br>v.<br><br>JAMES B. NUTTER, TOWNSHIP OF IRVINGTON, AND MARIE-ANN GREENBERG,<br><br>Appellees. | Civil Action No. 19-21748<br>(JMV)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Appellant Melvene Lynn Kennedy's "Motion to Reconsider Impose Stay Pending Appeal or Grant an Injunction While Appeal is Pending." D.E. 13. The Court reviewed all submissions made in support of and in opposition to the motion. D.E. 13, 18, 19, 21, 22. For the following reasons, Appellant's motion for reconsideration is **DENIED**.

On January 8, 2020, Appellant filed an "Emergency Motion for Stay Relief Pending Appeal of Bankruptcy Orders, Judgment." D.E. 3. The Court reviewed all submissions filed, including exhibits, in support of and in opposition to Appellant's emergent motion, *see* D.E. 3, 5, 6, and reviewed the relevant orders from Appellant's bankruptcy docket, 19-11156-SLM, issued by the Honorable Stacey L. Meisel, U.S.B.J. The Court held oral argument on January 13, 2020. On that same date, the Court issued an Order denying Appellant's emergent motion. D.E. 8.[1]

---

[1] The Court notes that on February 28, 2020, Appellant filed a "Reply to William Power's Opposition to Emergency Motion for Stay Pending Appeal." D.E. 15. The Court did not consider Appellant's untimely reply, D.E. 15, because the Court had already ruled on Appellant's emergent motion on January 13, 2020.

On February 14, 2020, Appellant filed the pending motion for reconsideration. D.E. 13. Appellant cites to Federal Rule of Civil Procedure 62 as authority for the relief she seeks. *Id.* at 3-4. On March 6, 2020, Defendant James B. Nutter ("JBN") filed a brief in opposition. D.E. 18.

On March 13, 2020, Appellant filed a letter notifying the Court that she only received JBN's opposition brief on March 13, 2020 which left Appellant "no opportunity to reply" to the opposition because "the matter is scheduled to be heard on March 16, 2020." D.E. 19. JBN filed a responsive letter, D.E. 21, which the Court reviewed. However, Appellant's March 13, 2020 letter did not request an extension of time to file a reply brief, which the Court would have granted. Furthermore, Appellant did not provide the Court with any substantive arguments in reply to JBN's opposition, which the Court would have considered.[2] Because Appellant has not requested more time to file a reply brief and because Appellant has not made any substantive arguments, the Court merely notes that Appellant made this filing.[3]

In any event, the Court finds that Appellant's motion for reconsideration is deficient because Appellant does not satisfy the relevant legal standard. A motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*,

---

[2] Although Appellant is proceeding *pro se*, the record reflects that she is quite capable of filing motions and replies and making legal arguments, as necessary.

[3] On March 18, 2020, more than two weeks after the deadline for opposition papers, Defendant Township of Irvington ("Irvington") filed a letter in opposition to the pending motion for reconsideration. D.E. 22. To prevent unfair prejudice to Appellant, the Court does not consider Irvington's untimely letter in opposition.

935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). Appellant has completely failed to demonstrate in her moving papers that any of the three scenarios laid out in *Carmichael* are present.

For these reasons and for good cause shown,

IT IS on this 19th day of March, 2020,

**ORDERED** that Appellant Kennedy's "Motion to Reconsider Impose Stay Pending Appeal or Grant an Injunction While Appeal is Pending," D.E. 13, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Order on Appellant Kennedy by regular mail and certified mail return receipt requested.[4]

_____
John Michael Vazquez, U.S.D.J.

---

[4] Appellant Kennedy is apparently signed up to receive notifications electronically. Yet, in an abundance of caution and because Appellant claims to not have electronically received notification of JBN's opposition in this matter, the Court also directs that she receive a copy of this Opinion and Order by mail.