Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MELVENE LYNN KENNEDY,

    Appellant,

v.

JAMES B. NUTTER, TOWNSHIP OF IRVINGTON, AND MARIE-ANN GREENBERG,

    Appellees.

Civil Action No. 19-21748 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Currently pending before the Court is Appellant Melvene Lynn Kennedy's Motion for Relief from Judgment to Reimpose Automatic Stay as to James B. Nutter and Township of Irvington. D.E. 20. The Court reviewed all submissions made in support of and in opposition to the motion. D.E. 20, 26. For the following reasons, Appellant's motion is **DENIED**.

    On January 8, 2020, Appellant filed an "Emergency Motion for Stay Relief Pending Appeal of Bankruptcy Orders, Judgment." D.E. 3. The Court reviewed all submissions filed in support and in opposition to the motion and held oral argument on January 13, 2020. On that same date, the Court issued an Order denying Appellant's emergent motion. D.E. 8. On February 14, 2020, Appellant filed a "Motion to Reconsider Impose Stay Pending Appeal or Grant an Injunction While Appeal is Pending." D.E. 13. The Court, after reviewing all submissions, denied Appellant's motion in an Opinion & Order dated March 19, 2020. D.E. 23. The Court decided the motion on the merits and found that Appellant's motion for reconsideration was deficient because Appellant did not satisfy the relevant legal standard. *Id.* at 2.

Appellant filed the pending Motion for Relief from Judgment to Reimpose Automatic Stay on March 13, 2020. D.E. 20. Notably, Appellant filed the pending motion before the Court issued an Opinion & Order on Appellant's motion for reconsideration. Appellee James B. Nutter ("JBN") filed opposition on March 24, 2020. D.E. 26.

In the pending motion, Appellant cites both Federal Rule of Civil Procedure 60, Relief from a Judgment or Order, and Federal Rule of Appellate Procedure 8(a), Stay or Injunction Pending Appeal. D.E. 20. Appellant explained that "extreme ongoing dental complications" and use of a publicly available computer caused a delay in filing her motion for reconsideration. D.E. 20 at 1-2. As a result, Appellant argued "My Motion to Reconsider Imposing Stay should be heard on the merits." *Id.* Appellant's motion for reconsideration was indeed heard on the merits on March 19, 2020, and thus, Appellant's request is moot. *See* D.E. 23.

The grounds for relief from a final judgment under Federal Rule of Civil Procedure 60(b) include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Appellant has not cited any of Rule 60(b)'s stated grounds in support of her motion. Appellant has not sufficiently demonstrated mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. Appellant has not alleged fraud or that the judgment is either void or has been satisfied. A dental emergency does not constitute a ground for relief from

a final judgment. Appellant's "motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (citations omitted). Appellant has not come close to demonstrating extraordinary justifying circumstances.

Appellant further argues that she "had no opportunity to reply to both Township of Irvington nor James Nutter's Opposition Motions as same was not received until a date after the scheduled hearing on January 13, 2020." D.E. 20 at 3. However, Appellant provides no proof in support of this claim. Further, the Court finds that Appellant had ample opportunity to respond to Appellee's arguments during oral argument on January 13, 2020.

In the alternative, Appellant requests that the Court "entertain an independent action to relieve appellant from judgement [sic]" under Federal Rule of Appellate Procedure 8(a). D.E. 20 at 2. Rule 8, entitled Stay or Injunction Pending Appeal, states in section (a) Motion for Stay:

> (1) *Initial Motion in the District Court.* A party must ordinarily move first in the district court for the following relief:
>     A. a stay of the judgment or order of a district court pending appeal;
>     B. approval of a bond or other security provided to obtain a stay of judgment; or
>     C. an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. App. P. 8(a)(1). Appellant has failed to provide any legal support for her claim that Federal Rule of Appellate Procedure 8(a) is basis for this Court's authority to relieve Appellant from judgment. Therefore, the Court denies relief on this ground.

For the foregoing reasons, and for good cause shown,

IT IS on this 7th day of April, 2020,

**ORDERED** that Appellant Kennedy's "Motion for Relief from Judgment to Reimpose Automatic Stay as to James B. Nutter and Township of Irvington," D.E. 20, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Order on Appellant Kennedy by regular mail and certified mail return receipt requested.

John Michael Vazquez, U.S.D.J.