Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELVENE LYNN KENNEDY,<br><br>    Appellant,<br><br> v.<br><br>JAMES B. NUTTER, TOWNSHIP OF IRVINGTON, AND MARIE-ANN GREENBERG,<br><br>    Appellees. | Civil Action No. 19-21748 (JMV)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  Currently before the Court is a motion filed by *pro se* Appellant Melvene Lynne Kennedy entitled "Motion for an Order to Proceed on the Original Record." D.E. 42. The motion seeks "permission to proceed on the Original Record" and cites to Federal Rule of Appellate Procedure 30(f). The motion further explains that "Appellant seeks an Order to dispense with the appendix and proceed on the Certified Record" and notes that "Appellant has no access to a Law Library to prepare [her] brief to ensure compliance with court rules."

  At the outset, the Court notes that it is not clear what relief Appellant seeks – the pending motion does not indicate what documents should be included in the record on appeal instead of those currently comprising the record. Additionally, although Appellant has cited to the Federal Rules of Appellate Procedure to support her request, "the Federal Rules of Appellate Procedure do not apply to bankruptcy appeals in the District Court." *In re E Toys, Inc.*, 263 Fed. App'x. 235, 238 (3d Cir. 2008).

Federal Rule of Bankruptcy Procedure 8009 governs the record on appeal. Pursuant to that rule, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). The rule further mandates certain items that must be in the record on appeal, including "docket entries kept by the bankruptcy clerk," "items designated by the parties," "the judgment, order, or decree being appealed," and "any opinion, findings of fact, and conclusions of law relating to the issues on appeal[.]" Fed. R. Bankr. P. 8009(a)(4). The rule contains a provision for correcting or modifying the record and explains that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted" by the parties' stipulation, by the bankruptcy court, or by the court in which the appeal is pending. Fed. R. Bankr. P. 8008(e).

Appellant designated the record on appeal on January 7, 2020, shortly after filing a notice of appeal from the Bankruptcy Court. D.E. 2. The present motion, seeks to "dispense with the appendix and proceed on the Certified Record." D.E. 42. Appellant's motion does not indicate what appendix she seeks to dispense with. Nor does it indicate that Appellant seeks to correct or modify a material omission or misstatement in the record. The record on appeal designated by Appellant on January 7, 2020, D.E. 2, is the original record and the record upon which this matter will proceed. The Court therefore denies the motion without prejudice.

Since filing the present motion, it appears that Appellant has made several attempts to designate additional records that relate to attempted appeals of different orders issued by the Bankruptcy Court. On June 9, 2020, Appellant filed a second designation of the record on appeal, in which she seeks to designate a record of an order dismissing her case for bad faith and imposing

2

a 180-day filing bar. D.E. 46. Appellant filed a third designation of the record on appeal on June 25, 2020, which seeks to designate a record of an order denying her motion to reinstate the automatic stay. D.E. 51. On July 14, 2020, Appellate filed a fourth designation of the record on appeal, D.E. 56, which appears to be largely duplicative of her previous request, D.E. 51. As the Court detailed in its December 4, 2020 Opinion & Order, D.E. 59, Appellant has not been granted permission to amend the issues on appeal. The only issues properly appealed to this Court are those indicated in the Notice of Appeal at D.E. 1.

For the foregoing reasons, and for good cause shown,

IT IS on this 30th day of December, 2020

**ORDERED** that Appellant's Motion for an Order to Proceed on the Original Record, D.E. 42, is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Opinion & Order on Appellant Kennedy by regular mail and certified mail return receipt requested.

_____
John Michael Vazquez, U.S.D.J.

3